**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIGUEL ANGEL REYES )<br>601 Edgewood Street NE )<br>Washington, DC 20017 )<br>                                                                )<br>            Plaintiff,                              )<br>                                                                )<br>v.                                                            )<br>                                                                )<br>KALIVAS CONTRACTORS, LLC )<br>610 East Marshall Avenue )<br>Deale, MD 20751 )<br>                                                                )<br>KALIVAS CONSTRUCTION, LLC )<br>610 East Marshall Avenue )<br>Deale, MD 20751 )<br>                                                                )<br>CHRIS KALIVAS )<br>a/k/a CHRISTOS KALIVAS )<br>610 East Marshall Avenue )<br>Deale, MD 20751 )<br>                                                                )<br>            Defendants.                      )<br>_____ ) | Civil Action No. _____ |

## COMPLAINT

### Introduction

1.  Plaintiff brings this action to recover damages for Defendants' willful failure to pay Plaintiff all wages earned, including overtime wages, in violation of: the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  Briefly: Defendants paid Plaintiff — a non-exempt construction worker — a semimonthly salary of between $800.00 and $1100 for 48 hours of work per week at various

D.C. construction projects. This arrangement sometimes resulted in a sub-minimum wage — and it invariably denied overtime compensation.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of Washington, DC.

6. Defendant Kalivas Contractors, LLC is a Maryland corporation with its principal place of business at: 610 East Marshall Avenue; Deale, MD 20751. Kalivas Contractors, LLC's resident agent for service of process is: Andrew J. Lee; 4011 Forestville Road; Forestville, MD 20747.

7. Defendant Kalivas Construction, LLC is a Maryland corporation with its principal place of business at: 610 East Marshall Avenue; Deale, MD 20751. Kalivas Construction, LLC's resident agent for service of process is: Andrew J. Lee; 4011 Forestville Road; Forestville, MD 20747.

8. Defendant Chris Kalivas is an adult resident of Maryland. He resides at: 610 East Marshall Avenue; Deale, MD 20751.

9. At all relevant times, Chris Kalivas was an owner, officer and agent of Kalivas Contractors, LLC and Kalivas Construction, LLC who exercised exclusive control over the operation of both corporations.

10. At all relevant times, Defendants were joint employers of Plaintiff within the meaning of 29 C.F.R. § 791.2.

11.     At all relevant times, Defendants — collectively and individually — constituted enterprise(s) engaged in interstate commerce.

12.     At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

### Factual Allegations

13.     Defendant Chris Kalivas hired Plaintiff to work for Defendants as a general construction worker.

14.     Plaintiff worked for Defendants from June 6, 2010 until January 14, 2014.

15.     Defendant Chris Kalivas discharged Plaintiff on January 14, 2014, after Plaintiff asked to be allowed to work only 5 days per week.

16.     At all relevant times, Plaintiff's job duties were that of a general construction worker on Defendants' construction projects.

17.     At all relevant times, Defendants provided Plaintiff with all equipment and material relative to Plaintiff's work.

18.     At all relevant times, Plaintiff worked for Defendants from 8:00 a.m. to 4:30 p.m., six days a week, with slight variation. Plaintiff was given a 30 minute break for lunch each day.

19.     At all relevant times, Plaintiff worked exclusively on construction sites located in the District of Columbia — even though Defendants are not licensed to do business in the District of Columbia.

20.     From June 6, 2010 to approximately October 30, 2011, Defendants paid Plaintiff $800.00 twice a month.

21.     From approximately October 31, 2011 to approximately October 27, 2013, Defendants paid Plaintiff $1,000.00 twice a month.

22. From approximately October 28, 2013 to January 14, 2014, Defendants paid Plaintiff $1,100.00 twice a month.

23. At all relevant times, the federal minimum wage pursuant to the FLSA was $7.25 per hour, and the D.C. minimum wage pursuant to the DCMWA was $8.25 per hour.

24. For Plaintiff's work from June 6, 2010 to approximately October 30, 2011:

   a. Plaintiff should have been paid at least approximately $429.00 per week in minimum and overtime wages;

   b. Defendants paid Plaintiff the equivalent of approximately $369.00 per week;

   c. Plaintiff should have been paid approximately $31,317.00 in total;

   d. Defendants paid Plaintiff approximately $26,952.00 in total; and

   e. Defendants owe Plaintiff approximately $4,635.40 in minimum and overtime wages.

25. For Plaintiff's work from approximately October 31, 2011 to approximately October 27, 2013:

   a. Plaintiff's semimonthly salary translated into a regular rate of approximately $9.62 per hour.

   b. Plaintiff should have been paid approximately $500.00 per week in regular and overtime wages;

   c. Defendants paid Plaintiff the equivalent of approximately $462.00 per week;

   d. Plaintiff should have been paid approximately $52,000.00 in total;

   e. Defendants paid Plaintiff approximately $47,996.00 in total; and

   f. Defendants owe Plaintiff approximately $4,004.00 in overtime compensation.

26. For Plaintiff's work from approximately October 28, 2013 to January 14, 2014:

    a. Plaintiff's semimonthly salary translated into a regular rate of approximately $10.58 per hour.

    b. Plaintiff should have been paid approximately $550.00 per week in regular and overtime wages;

    c. Defendants paid Plaintiff the equivalent of approximately $508.00 per week;

    d. Plaintiff should have been paid approximately $6,219.25 in total;

    e. Defendants paid Plaintiff approximately $6,092.00 in total; and

    f. Defendants owe Plaintiff approximately $127.45 in overtime compensation.

27. At all relevant times, Defendants failed to post a conspicuous notice explaining the FLSA and summarizing the DCMWA, as required by 29 C.F.R. § 516.4 and D.C. Code § 32-1009.

28. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

29. Defendant Chris Kalivas was alone responsible for setting the terms and conditions of Plaintiffs' employment. He had the power to hire and fire Plaintiffs, and he exercised exclusive and unfettered control over how many hours Plaintiff worked and how much Plaintiff was paid.

30. On information and belief, Defendants were at all times aware that they were legally required to pay the legal minimum wage.

31. On information and belief, Defendants were at all times aware that they were legally required to pay their non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

**COUNT I**
**FAILURE TO PAY WAGES UNDER THE DCWPCL**

32. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

33. Plaintiff was an "employee" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

34. Defendants were "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

35. The DCWPCL defines "wages" to include minimum and overtime compensation. D.C. Code § 32-1301(3).

36. The DCWPCL provides that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." D.C. Code § 32-1302.

37. The DCWPCL provides that "[w]henever an employee (not having a written contract of employment for a period in excess of 30 days) quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

38. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages earned.

39. Defendants' violations of the DCWPCL were willful.

40. For their willful violations of the DCWPCL, Defendants are liable to Plaintiff for $8,835.25 in unpaid wages and $26,505.75 in liquidated damages — plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

41. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

42. Plaintiff was an "employee" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

43. Plaintiff was a "non-exempt" employee within the meaning of the DCMWA, D.C. Code § 32-1004.

44. Defendants were "employers" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

45. The DCMWA requires employers to pay non-exempt employees a minimum wage one dollar higher than the federal minimum wage. D.C. Code § 32-1003(a).

46. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

47. Defendants violated the DCMWA by knowingly failing to pay Plaintiff the D.C. minimum wage.

48. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work week.

49. Defendants' violations of the DCMWA were willful.

50. For their willful violations of the DCMWA, Defendants are liable to Plaintiff for $8,835.25 in minimum and overtime wages and $8,835.25 in liquidated damages — plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

51. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

52. Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

53. Plaintiff was a "non-exempt" employee within the meaning of the FLSA, 29 U.S.C. § 213.

54. Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

55. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

56. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

57. Defendants' violations of the FLSA were willful.

58. For their willful violations of the FLSA, Defendants are liable to Plaintiff for $6,718.25 in overtime wages and $6,718.25 in liquidated damages — plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$35,341.00** in unpaid earned wages and liquidated damages pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff **$17,670.50** in unpaid D.C. minimum and overtime wages and liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

c. Award Plaintiff **$13,436.50** in unpaid overtime wages and liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

d. Award Plaintiff prejudgment and postjudgment interest as permitted by law.

e. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

f. Award Plaintiff court costs; and

g. Award any additional relief the Court deems just.

Date: 4/10/2014                             Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com